UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| **Pay Less Here, LLC,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **United States,** ) <br> ) <br> Defendant, ) <br> ) | Case No. 24-00152 |

## COMPLAINT

Plaintiff Pay Less Here, LLC ("Pay Less Here" or "Plaintiff") by and through its undersigned counsel, alleges and states as follows:

### I. JURISDICTION

1. Plaintiff brings this action pursuant to section 516a of the Tariff Act of 1930, as amended (19 U.S.C. §§ 1516a(a)(2)(A)(i)(II) and 1516a(a)(2)(B)(i)), which provides that certain final determinations on the record are reviewable by this Court.

2. This action is an appeal of the final affirmative determination of critical circumstances by the International Trade Commission (the "Commission") under 19 U.S.C. § 1673d as implemented in the antidumping duty order on Mattresses from Burma (case nos. A-546-001; 701-TA-693; 731-TA-1631). *See Mattresses From Bosnia and Herzegovina, Bulgaria, Burma, Italy, the Philippines, Poland, Slovenia, and Taiwain: Antidumping Duty Orders*, 89 Fed. Reg. 56,851 (July 11, 2024) (the "*Antidumping Order*"); *Mattresses From*

*Bosnia and Herzegovina, Bulgaria, Burma, Italy, Philippines, Poland, Slovenia, and Taiwan; Determinations*, 89 Fed. Reg. 55,657 (July 5, 2024); *Mattresses From Burma: Final Affirmative Determination of Sales at Less Than Fair Value and Final Affirmative Determination of Critical Circumstances*, 89 Fed. Reg. 42,427 (May 15, 2024).

3. This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), which provides jurisdiction over civil actions commenced under 19 U.S.C. § 1516a.

## II. STANDING OF PLAINTIFF

4. Plaintiff Pay Less Here is a U.S. importer of mattresses from Burma. As such, Plaintiff is an interested party within the meaning of 19 U.S.C. §§ 1677(9)(A) and 1516a(f)(3), and 28 U.S.C. § 2631(k)(1). Plaintiff also filed questionnaire responses and submitted factual information and in the underlying administrative proceeding that led to the factual findings and legal conclusions being challenged in this action. Accordingly, Plaintiff was a "party to the proceeding" and, therefore, has standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## III. TIMELINESS OF THIS ACTION

5. Plaintiff filed this action by filing the Summons on Monday, August 12, 2024 within thirty (30) days after the United States Department of Commerce (the "Department") published the *Antidumping Order* in the Federal Register. *See Antidumping Duty Order*, 89 Fed. Reg. 56,851 (July 11, 2024). Plaintiff is filing this complaint on September 11, 2024, within 30 days after filing the summons. Accordingly, this action is timely filed under 19 U.S.C. § 1516a(a)(2)(A)(i)(II) and 28 U.S.C. § 2636(c) and Rule 3 of this Court.

## IV. FACTUAL ALLEGATIONS

6. This case involves the antidumping duty ("AD") order on mattresses from Burma

issued in connection with case nos. A-546-001; 701-TA-693; 731-TA-1631.

7. On June 28, 2024, the Commission informed Commerce that it made determinations that an industry in the United States is materially injured by reason of imports of mattresses from Burma to be sold in the United States at less than fair value. *Antidumping Order,* 89 Fed. Reg. at 56,851. *See also Mattresses From Bosnia and Herzegovina, Bulgaria, Burma, Italy, Philippines, Poland, Slovenia, and Taiwan; Determinations*, 89 Fed. Reg. 55,657, 55,657 (July 5, 2024).

8. The Commission also found that imports subject to the Department's affirmative critical circumstances determinations are likely to undermine seriously the remedial effect of the AD order on mattresses from Burma and, as a result, certain imports from Burma will be subject to retroactively imposed antidumping duties. *Antidumping Order,* 59 Fed. Reg. at 56,852. *See also Mattresses From Bosnia and Herzegovina, Bulgaria, Burma, Italy, Philippines, Poland, Slovenia, and Taiwan; Determinations*, 89 Fed. Reg. 55,657, 55,657 n.3 (July 5, 2024).

9. ITC Commissioner David S. Johanson dissented regarding critical circumstances from Burma, finding that the record supported the issuance of a negative critical circumstances finding for imports of mattresses from Burma. *Mattresses From Bosnia and Herzegovina, Bulgaria, Burma, Italy, Philippines, Poland, Slovenia, and Taiwan; Determinations*, 89 Fed. Reg. at 55,657, 55,657 n.3 (July 5, 2024).

10. On July 11, 2024, the Department issued the *Antidumping Order* covering retroactively shipments of subject merchandise imported on or after December 2, 2023, *i.e.*, 90 days prior to the Department's preliminary determination. *See Antidumping Order*, 86 Fed. Reg. at 56,852.

## V. STATEMENT OF CLAIMS

### COUNT ONE

11. Plaintiffs incorporate by reference the allegations and facts set forth in paragraphs 1 through 10 above as if set forth fully herein.

12. The Commission's final affirmative determination of critical circumstances as implemented in the *Antidumping Duty Order* is unsupported by substantial evidence and otherwise is not in accordance with law.

13. The Commission has explained that, "the plain meaning of the term 'undermine seriously' establishes a very high standard: that the surge in imports greatly and insidiously weakens or subverts the effects of the order." *See* Statement of Administrative Action ("SAA") to the Uruguay Round Agreements Act, H.R. Rep. No. 103-316, at 877 (1994); *see also Certain Preserved Mushrooms from China, India, and Indonesia*, Inv. Nos. 731-TA-777-779 (Final), USITC Pub. 3159, at 27-28 (Feb. 1999) (views of Chairman Bragg, Commission Crawford, and Commissioner Askey).

14. The Burmese import volume and inventories that underpinned the Commission's affirmative critical circumstances determination could not seriously undermine the remedial effect of the *Antidumping Order* under 19 U.S.C. § 1673d(b)(4)(A), as determined by the ITC majority. The ITC's affirmative critical circumstances decision regarding mattresses from Burma is therefore not supported by substantial evidence and is otherwise not in accordance with law with respect to the volume and inventories of imports, the two statutory elements required for an affirmative critical circumstance finding.

15. In light of the nature and size of the domestic mattress market, there was no "surge" of imports, and no inventory imported from Burma between the filing of the petition

and the preliminary results that would undermine the benefit of the antidumping duty order in this case. Therefore, the efficacy of the antidumping duty order could not have been seriously undermined due to post-petition imports from Burma.

16. Further, the Commission failed to consider other factors of "circumstances indicated that the remedial effect of the {order} will be seriously undermined" as required by 19 U.S.C. § 1673d(b)(4)(A). For instance, the record demonstrates that mattresses imported from Burma have a limited shelf life, and therefore could not have been held in inventory for long periods of time.

17. In sum, the record evidence does not meet the very high standard that the imports at issue greatly and insidiously weakened or subverted the effects of the *Antidumping Order*, meaning that the determination of the majority of the Commission that mattress imports from Burma met the critical circumstances standard unsupported by substantial evidence and otherwise not in accordance with law.

## V.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter judgment against Defendant and award the following relief:

a. Hold that the Commission's affirmative finding of critical circumstances was unsupported by substantial evidence and otherwise not in accordance with law.

b. Remand this matter with instructions to revise the Commission's final determination and the Department's *Antidumping Order* consistent with the findings of the Court; and

c. Grant Plaintiff such further and additional relief as this Court may deem just and proper.

Respectfully submitted,

/s/ Alexander H. Schaefer
Alexander Schaefer

Alexander H. Schaefer
Weronika Bukowski
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2595
(202) 624-2500
aschaefer@crowell.com

Counsel for Pay Less Here LLC

Dated: September 11, 2024

## CERTIFICATE OF SERVICE

      I certify that on September 11, 2024, I electronically filed the foregoing Complaint with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

/s/ Alexander H. Schaefer
Alexander Schaefer

**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W. Washington, D.C. 20004-2595
(202) 624-2500
aschaefer@Crowell.com

Counsel for Pay Less Here LLC

Dated: September 11, 2024

SERVICE TO INTERESTED PARTIES

Pursuant to Rules 3(f), the plaintiff has served the complaint to each interested party in the administrative proceeding by certified mail, return receipt requested on this day of September 11, 2024:

| | |
|---|---|
| Yohai Baisburd, Lead Representative<br>Cassidy Levy Kent (USA) LLP<br>900 19th Street, NW<br>Fourth Floor<br>Washington, District of Columbia 20006 | Kelly A. Slater, Lead Representative<br>Appleton Luff Pte. Ltd.<br>1025 Connecticut Avenue, NW<br>Suite 1000<br>Washington, District of Columbia 20036 |
| J. David Park, Lead Representative<br>Arnold & Porter Kaye Scholer LLP<br>601 Massachusetts Avenue, NW<br>Washington, District of Columbia 20001-3743 | Caitlin Hickey, Lead Representative<br>Delegation of the European Union<br>2175 K Street NW<br>Washington, District of Columbia 20037 |
| Camelia C. Mazard, Lead Representative<br>Doyle, Barlow & Mazard PLLC<br>1825 K St NW #950<br>Washington, District of Columbia 20006 | Mrs. Pilar de Carlos, Lead Representative<br>Embassy of Spain<br>Commercial Counselor, Economic and Commercial Office<br>2375 Pennsylvania Avenue, NW<br>Washington, District of Columbia 20037 |
| Antonino Bertoni, Lead Representative<br>Government of Mexico<br>Ministry of Economy of Mexico<br>Pachuca 189, Col. Condesa; C.P. 06140, Cuauhtémoc<br>Mexico City, Mexico<br>antonino.bertoni@economia.gob.mx | Jordan C. Kahn, Lead Representative<br>Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP<br>1201 New York Avenue, NW<br>Suite 650<br>Washington, District of Columbia 20005 |
| Kristin H. Mowry, Lead Representative<br>Mowry & Grimson, PLLC<br>5335 Wisconsin Avenue, NW<br>Suite 810<br>Washington, District of Columbia 20015, | Shawn M. Higgins, Lead Representative<br>Sidley Austin LLP<br>1501 K Street, NW<br>Washington, District of Columbia 20005 |
| Ms. Namrita Raghuwanshi, Lead Representative<br>TPM Solicitors & Consultants<br>J-209, J Block<br>Saket<br>New Delhi, 110017, India<br>namrita@tpm.in; akg@tpm.in | |