UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE TIMOTHY M. REIF

_____

| | |
|---|---|
| PAY LESS HERE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, | )     Ct. No. 24-00152 |
| | ) |
| Defendant. | ) |

_____)

**DEFENDANT UNITED STATES' MOTION TO DISMISS AND
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT**

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of International Trade, and 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c), the United States International Trade Commission ("Commission"), representing the defendant United States, respectfully requests that the Court dismiss this action.  Proposed plaintiff, Pay Less Here, LLC ("Pay Less"), indicates in its summons and complaint that it seeks to challenge the Commission's affirmative critical circumstances determination with respect to Burma.  ECF 1; ECF 6.  However, Pay Less was not a party to the underlying investigation of mattresses from Burma that is the subject of this action and it therefore lacks standing to commence this action.  *See* 19 U.S.C. § 1516a(d); 28 U.S.C. § 2631(c); 19 C.F.R.     § 201.11(a).  The complaint should therefore be dismissed for lack of subject matter jurisdiction.

**BACKGROUND**

In July 2023, domestic producers of mattresses and unions representing workers at domestic mattress factories (collectively "petitioners") filed antidumping and countervailing duty petitions on imports of mattresses from 13 countries, including Burma.  Petitioners subsequently filed critical circumstances allegations with respect to imports of mattresses from certain subject

countries, including Burma.  At no time during the Commission's investigation did anybody, including any attorney, consultant, or other representative for Pay Less file an entry of appearance to participate in the Commission's investigations, as required by Commission Rule 201.11.

In March 2024, the Department of Commerce ("Commerce") made a preliminary affirmative determination of sales at less than fair value in the antidumping duty investigation regarding Burma, and in May 2024, it made a final affirmative determination of sales at less than fair value in that investigation.  *Mattresses from Burma: Preliminary Affirmative Determination of Sales at Less than Fair Value and Preliminary Affirmative Determination of Critical Circumstances*, 89 Fed. Reg. 15,149 (Mar. 1, 2024); *Mattresses from Burma: Final Affirmative Determination of Sales at Less than Fair Value and Final Affirmative Determination of Critical Circumstances*, 89 Fed. Reg. 42,427 (May 15, 2024).  In doing so, Commerce additionally found that critical circumstances existed for mattresses from Burma.  *See id.*  In June 2024, the Commission issued final affirmative material injury determinations in which it also found that critical circumstances existed with respect to imports from Burma that were subject to Commerce's final affirmative critical circumstances determination.  The Commission's determination was made in *Mattresses from Bosnia, Bulgaria, Burma, Italy, Philippines, Poland, Slovenia, and Taiwan*, Inv. Nos. 731-TA-1629-1631, 1633, 1636-1638, and 1640 (Final), USITC Pub. 5520 (June 2024).

As a result of the final affirmative critical circumstances determinations by both agencies, Commerce assessed retroactive antidumping duties on mattresses from Burma, beginning on December 2, 2023, which was 90 days prior to the suspension of liquidation.  *Mattresses from*

*Bosnia and Herzegovina, Bulgaria, Burma, Italy, the Philippines, Poland, Slovenia, and Taiwan: Antidumping Duty Orders*, 89 Fed. Reg. 56,851 (July 11, 2024).

Pay Less filed a summons with this Court on August 12, 2024 and a complaint on September 11, 2024 seeking to challenge the Commission's final affirmative critical circumstances determination with respect to mattresses from Burma.  ECF 1; ECF 6.

## SUMMARY OF THE ARGUMENT

To contest the Commission's final affirmative critical circumstances determination, Pay Less must satisfy the requirements of 19 U.S.C. § 1516a(a) and 28 U.S.C. § 2631(c), which govern standing in suits brought before this Court to challenge an antidumping or countervailing duty injury determination made by the Commission.  Under those statutory provisions, an action may only be commenced by "an interested party" who was "a party to the proceeding in connection with which the matter" arose.  19 U.S.C. § 1516a(a); 28 U.S.C. § 2631(c).  While Pay Less is "an interested party" because it is a U.S. importer of mattresses from Burma, it does not qualify as a party to the underlying investigation that is the subject of this action.  Specifically, Pay Less never filed an entry of appearance as required under Commission Rule 201.11 to appear in an investigation as a party.  19 C.F.R. § 201.11.  By failing to do so, Pay Less failed to provide the requisite notification to the Commission of its intent to participate in the investigation as a party, and in fact, did not participate.  It did not file any briefs, present testimony, or otherwise provide any arguments with respect to the Commission's injury investigation, including whether critical circumstances existed with respect to mattress imports from Burma.  Consequently, the Court lacks subject matter jurisdiction to entertain this action.

## ARGUMENT

## I.    This Court Should Dismiss Pay Less's Complaint

A.      **Standard of Review**

Whether this Court may exercise subject matter jurisdiction over the claims asserted in a complaint is a threshold inquiry.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-85 (1998); *Ereğli Demir ve Çelik Fabrikalari T.A.Ş. v. U.S. Int'l Trade Comm'n*, 2024 WL 3493454 at *8 (Ct. Int'l Trade July 22, 2024).  The plaintiff, as the party seeking to invoke the Court's jurisdiction, bears the burden to establish its standing to bring its action by demonstrating that it satisfies the statutory standing requirements.  *Ad Hoc Utils. Grp. v. United States*, 33 CIT 741, 746, 625 F. Supp. 2d 1330, 1336 (2009) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006); *Raines v. Byrd*, 521 U.S. 811, 818 (1997); *AutoAlliance Int'l, Inc. v. United States*, 29 CIT 1082, 1088, 398 F. Supp. 2d 1326, 1332 (2005)).  "{W}hen a federal court concludes that it lacks subject-matter jurisdiction, the complaint must be dismissed in its entirety." *Arbaugh v. Y & H Corp*, 546 U.S. 500, 514 (2006).  *See also Nucor Corp. v. United States*, 31 CIT 1500, 516 F. Supp. 2d 1348, (2007) (dismissing action for lack of subject matter jurisdiction, finding that plaintiff did not satisfy the statutory standing requirement because it did not participate as a party in the underlying administrative review).

B.      **Pay Less Was Not a "Party to the Proceeding" and Thus Lacks Standing to Maintain This Action**

This Court has exclusive jurisdiction over civil actions commenced under section 516A of the Tariff Act of 1930.  19 U.S.C. § 1516a.  Such actions are only available to an "interested party who was a party to the proceeding in connection with which the matter arose."  28 U.S.C. § 2631(c); *see also* 19 U.S.C. § 1516a(a)(2)(A) ("{A}n interested party who is a party to the proceeding in connection with which the matter arises may commence an action in the United State Court of International Trade.").  Thus, a plaintiff must be both (1) an interested party, and (2) a party to the proceeding.  *See id.*

Pay Less lacks standing to commence this action.  Although Pay Less, a U.S. importer of mattresses from Burma, satisfies the first requirement to establish standing because it is an interested party, it fails to meet the second requirement because it was not a party to the underlying Commission proceeding.  Compl. ¶ 4 (ECF 6); 19 U.S.C. § 1516a(f)(3); 19 U.S.C. § 1677(9) (defining "interested party" as including "a foreign manufacturer, producer, or exporter, of the United States importer, of subject merchandise").

The term "party to the proceeding" is not defined in the statute.  However, the Commission has a longstanding regulation that explicitly defines the requirements for an interested party to appear as a party in a Commission investigation.  Specifically, Commission Rule 201.11(a) unequivocally establishes that interested parties must file an entry of appearance with the Commission Secretary in order to appear as a party in a Commission investigation.  19 C.F.R. § 201.11.  That regulation is titled "Appearance in an investigation as a party" and spells out that:

> (a) *Who may appear as a party*. Any person may apply to appear in an investigation as a party, either in person or by a representative, by filing an entry of appearance with the Secretary.  Each entry of appearance shall state briefly the nature of the person's reason for participating in the investigation and state the person's intent to file briefs with the Commission regarding the subject matter of the investigation.  The Secretary shall promptly determine whether the person submitting the entry of appearance has a proper reason for participating in the investigation.

As this Court has previously explained, an agency's regulation defining how an interested party will be deemed to participate in that agency's investigation will be considered lawful and consistent with the statutory provision on standing if the regulation requires a form of participation that "reasonably convey{s} the separate status of a party, . . . and provide{s} {the agency} with notice of a party's concerns."  *Govt. of Canada v. United States*, 686 F. Supp. 3d

1320, 1327 (Ct. Int'l Trade 2024) (quoting *Specialty Merch. Corp. v. United States*, 31 CIT 364,

354, 477 F. Supp. 2d 1359, 1361 (2007)).  *See also Encon Indus. v. United States*, 18 CIT 867,

867-69 (1994) ("The court is inclined to view the participation requirement as intending

meaningful participation, that is, action which would put Commerce on notice of a party's

concerns").  As applied to the Commission's regulation, these criteria are met.  The initial step of

filing an entry of appearance conveys to the Commission that an interested party intends to

participate in the Commission's proceedings.  This is critical because only counsel for those that

are parties to the investigation (*i.e.*, filed an entry of appearance) are permitted access to business

proprietary information under the administrative protective order (19 C.F.R. § 207.7).  In

addition, only parties to the investigation are entitled to fully brief the issues by filing

preliminary phase briefs, prehearing and posthearing briefs, and final comments (19 C.F.R.

§§ 201.13(i), 207.15, 207.23, 207.25, 207.30) and to participate fully at the Commission hearing

(19 C.F.R. §§ 201.13(c), 207.24).

At no point during the Commission's investigation, however, did Pay Less file an entry

of appearance with the Commission.  On March 1, 2024, Commerce issued its Federal Register

notification of its preliminary determination of critical circumstances.  89 Fed. Reg. at 15,149.

This date preceded the Commission's Federal Register notice scheduling the Commission's final

phase investigation.  *Mattresses from Bosnia, Bulgaria, Burma, Italy, Philippines, Poland,*

*Slovenia, and Taiwan: Scheduling of the Final Phase of the Countervailing Duty and*

*Antidumping Duty Investigations,* 89 Fed. Reg. 16,026 (Mar. 6, 2024).  Thus, Pay Less was, or

should have been, fully aware by the time the Commission scheduled the final phase of its

investigation that petitioners had filed a critical circumstances allegation with respect to mattress

imports from Burma and that Commerce had reached a preliminary affirmative determination of

critical circumstances with respect to those imports.  Furthermore, in its March 6 notice, the

Commission specified that those "wishing to participate in the final phase of these investigations

as parties must file an entry of appearance with the Secretary to the Commission, as provided in

§ 201.11 of the Commission's rules, no later than 21 days prior to the hearing date specified in

this notice {(i.e., May 9, 2024)}").  89 Fed. Reg. at 16,026.  Yet, despite having the opportunity

to do so, Pay Less did not file an entry of appearance with the Commission to participate in the

final phase proceedings.[1]

### C.    Pay Less's Filing of Only a Questionnaire Response Is Insufficient to Establish It as a Party to the Proceeding

Pay Less alleges that it has standing simply because it submitted a questionnaire

response.  Compl. ¶ 4.  Within the context of the Commission's investigations, which are

governed by the Commission's regulations, and during which the Commission collects

questionnaire responses from all relevant market participants, Pay Less's claim that this action

alone was sufficient to qualify it as a party to the proceeding lacks merit.[2]

Indeed, the Commission issues questionnaires to all U.S. producers, all importers of the

product in question, all producers from the subject countries, and all significant purchasers of the

product and considers the entirety of the information and data submitted in the questionnaire

responses in compiling the Staff Report and reaching its determinations.  The Commission also

has authority to subpoena information from nonresponsive firms, including those that are not

participating as parties.  *See* 19 U.S.C. § 1333(a).  In large investigations involving multiple

---

[1] Notably, other interested parties did submit entries of appearance and filed briefs with the Commission setting for their arguments opposing a finding of critical circumstances.  *See* USITC Pub. 5520 at 4, 65-66.

[2] Pay Less appears to be confusing the Commission's explicit regulatory requirement that interested parties enter a notice of appearance with the different and unrelated requirements for participation in a Commerce investigation, as set out in that agency's regulations.

subject countries such as the one at issue here, the Commission often times will receive over a hundred questionnaire responses from firms, including those that do not even qualify as interested parties under the statute (*i.e.*, purchasers).  In the underlying investigations, the Commission received questionnaire responses from 53 U.S. mattress producers, 80 U.S. importers, 29 foreign producers, and 23 U.S. purchasers.  USITC Pub. 5520 at 6, 50.  Ten of the 53 U.S. producers and five of the 80 U.S. importers filed entries of appearance.  The remaining 170 firms that submitted a questionnaire response, including Pay Less, did not file entries of appearance.  Given this, Pay Less's submission of only a questionnaire response, which contained data and factual information – and no argument on the pertinent issues the Commission considered in making its material injury determination – cannot serve as providing the requisite notification to the Commission "of {its} concerns."  *Govt. of Canada*, 686 F. Supp. 3d at 1327.  Pay Less's contrary position would thwart the Commission's explicit regulatory requirement for participation as a party and would lead to the untoward result of allowing any of the 170 firms that did not file an entry of appearance to qualify as parties to the proceeding when they otherwise failed to participate.

We note that in *Government of Canada*, the Court held that Commerce's regulation defining "party to the proceeding" was inconsistent with the statute.  Without opining on the outcome of that case, we note that, no matter how analyzed, the Commission's regulation differs starkly from that of Commerce.  Specifically, Commerce's regulation defines "party to the proceeding" as "any interested party that actively participates, through written submissions of factual information or written argument, in a segment of a proceeding," 19 C.F.R. § 351.102(b)(36).  In *Government of Canada*, the Court observed that Congress had not included language requiring "active" participation in the statute and rejected Commerce's argument that

certain firms did not meet the regulation's definition of party to the proceeding notwithstanding that they had filed requests for administrative review, entries of appearance, and applications for an administrative protective order.  686 F. Supp. 3d 1320.  The Court stated that within the context of Commerce's reviews, where non-selected respondents in Commerce's investigations generally do not file case briefs because Commerce analyzes only company-specific data for selected mandatory respondents, the requirement that a party to the proceeding must file an administrative case brief was unreasonable.  *See id.* at 1324-25.  The Court held that by requesting administrative reviews themselves, the interested parties at issue put Commerce on notice of their disagreement with existing dumping margins and the cash deposit rates paid during the period of review and their interest in obtaining a more favorable margin rate, and signaled their willingness to provide more information if selected by Commerce for administrative review.  *See id.* at 1328-29.

Unlike Commerce's regulation, the Commission's regulation does not define party to the proceeding as requiring "active" participation.  Rather, it sets forth a relatively low bar, requiring merely that an interested party file an entry of appearance, as previously noted.  Doing so reasonably alerts the Commission and the other parties to the investigation of an interested party's intention to participate in the proceedings.  The entry of appearance thus distinguishes a participating interested party who has "reasonably conveyed their separate status and provided {the Commission} with notice of their concerns" (*see Specialty Merch.,* 31 CIT at 354, 477 F. Supp. 2d at 136) from those other firms who do not express an intent to participate but respond to questionnaires that are sent to all known domestic producers, importers, and foreign producers and exporters but choose not to participate in the underlying proceedings by filing briefs, presenting testimony, and providing arguments.  Further, the concerns addressed by the Court in

*Government of Canada* about Commerce "seek{ing} to depart from decades of precedent" (636 F. Supp. 3d at 1334) does not apply here, as the simple requirement to file an entry of appearance in order to be considered to have appeared in a Commission investigation has been a constant. *See, e.g.*, 19 C.F.R. § 201.11(a) (1994).

In sum, Pay Less does not qualify as a "party to the proceeding" as required under the statute and the Commission's longstanding regulation. For this reason, dismissal for lack of subject matter jurisdiction is appropriate.

## CONCLUSION

For these reasons, we respectfully request that the Court dismiss Pay Less's complaint with prejudice for lack of subject matter jurisdiction.

Respectfully submitted,

*/s/Dominic Bianchi*
DOMINIC BIANCHI
General Counsel

*/s/Andrea C. Casson*
ANDREA C. CASSON
Assistant General Counsel for Litigation

*/s/Jane C. Dempsey*
JANE C. DEMPSEY
Office of the General Counsel
U.S. International Trade Commission
500 E Street, S.W.
Washington, D.C. 20436
202-205-3142 (phone)
202-205-3111 (facsimile)

September 24, 2024

## CERTIFICATE OF COMPLIANCE

Pursuant to Chambers Procedures 2(B)(1) and (2), I hereby certify that the attached

**DEFENDANT UNITED STATES' MOTION TO DISMISS AND MEMORANDUM IN**

**SUPPORT OF MOTION TO DISMISS THE COMPLAINT** contains 2,878 words, according

to the word-count function of the word processing system used to prepare this motion and

memorandum (Microsoft Office 365 ProPlus).

Date:  September 24, 2024                    _/s/Jane Dempsey_
                                             Jane Dempsey
                                             Attorney-Advisor
                                             Office of the General Counsel
                                             U.S. International Trade Commission
                                             500 E Street, SW
                                             Washington, DC 20436
                                             Telephone: (202) 205-3142