**UNITED STATES COURT OF INTERNATIONAL TRADE**
BEFORE: THE HONORABLE TIMOTHY M. REIF

| | |
|---|---|
| PAY LESS HERE, LLC, | |
| *Plaintiff*, | |
| v. | Court No. 24-00152 |
| UNITED STATES, | |
| *Defendant*, | |
| and | |
| BROOKLYN BEDDING LLC; CARPENTER CO.; CORSICANA MATTRESS COMPANY; FUTURE FOAM, INC.; FXI, INC.; KOLCRAFT ENTERPRISES, INC.; LEGGETT & PLATT, INCORPORATED; SERTA SIMMONS BEDDING, LLC; SOUTHERLAND, INC.; TEMPUR SEALY INTERNATIONAL; THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS; AND THE UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, | |
| *Defendant-Intervenors*. | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
THE COMMISSION'S MOTION TO DISMISS**

Alex Schaefer
Weronika Bukowski

Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004

Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 530-1930

wbukowski@crowell.com

*Counsel for Pay Less Here LLC*

Dated:  November 12, 2024

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

STATEMENT OF FACTS .................................................................................................... 1

ARGUMENT ........................................................................................................................ 4

I.      STANDARD OF REVIEW ...................................................................................... 4

II.     PLAINTIFF HAS STANDING BEFORE THIS COURT ...................................... 4

      A.     Pay Less Here Has Standing Under the Tariff Act of 1930 ..................................... 4

             1.     *Pay Less Here is an Interested Party* ........................................................... 4

             2.     *Pay Less Here was a Party to the Proceeding* ............................................ 5

      B.     Neither the Statute nor Case Law Required Pay Less Here to Submit a Notice of Appearance ........................................................................................... 7

CONCLUSION .................................................................................................................... 12

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anaheim Gardens v. United States*,
444 F.3d 1309(Fed. Cir. 2006)............................................................................4

*Canadian Wheat Bd. v. United States*,
580 F. Supp. 2d 1350 (Ct. Int'l Trade 2008), *judgment aff'd*, 641 F. 3d 1344
(Fed. Cir. 2011)..................................................................................................4

*Duferco Steel, Inc. v. United States*,
403 F. Supp. 2d 1281 (Ct. Int'l Trade 2005) ......................................................4

*Encon Indus. Inc. v. United States*,
18 C.I.T. 867 (1994) ..........................................................................................8

*Gov't of Canada v. United States*,
686 F. Supp. 3d 1320 (U.S. Ct. Int'l Trade 2024) ...............................6, 10, 11, 12

*Hor Liang Indus. Group v. United States*,
337 F. Supp. 3d 1310 ..........................................................................................7

*Kokusai Elec. Co. v. United States*,
9 C.I.T. 336, 613 F. Supp. 1249 (1985).................................................................7

*Laclede Steel Co. v. United States*,
92 F.3d 1206, 1996 WL 384010 (Fed. Cir. 1996) .............................................5, 6

*Legacy Classic Furniture, Inc. v. United States*,
35 C.I.T. 420 (2011) ..........................................................................................8

*Pixton v. B & B Plastics, In*c.,
291 F.3d 1324 (Fed. Cir. 2002)............................................................................3

*RHI Refractories Liaoning Co., Ltd. v. United States*,
35 C.I.T. 130 (2011) .......................................................................................5, 9

*Trusted Integration, Inc. v. United States*,
659 F.3d 1159 (Fed. Cir. 2011)............................................................................3

**Statutes**

19 C.F.R. § 201.11 ..............................................................................................8

19 U.S.C. § 1516..............................................................................................1, 7

19 U.S.C. § 1673d ...................................................................................................... 1

19 U.S.C. § 1677 ................................................................................................... 1, 4

28 U.S.C. § 2631 ............................................................................................. *passim*

28 U.S.C. § 2636(c) .................................................................................................. 7

**Regulations**

*Mattresses From Bosnia and Herzegovina, Bulgaria, Burma, Italy, the
    Philippines, Poland, Slovenia, and Taiwan: Antidumping Duty Orders*, 89
    Fed. Reg. 56,851 (July 11, 2024) ..................................................................... 1, 3

*Mattresses From Bosnia and Herzegovina, Bulgaria, Burma, Italy, the
    Philippines, Poland, Slovenia, and Taiwan: Antidumping Duty Orders*, 89
    Fed. Reg. 56,851, 56,852 (July 11, 2024) .......................................................... 3

*Mattresses From Bosnia and Herzegovina, Bulgaria, Burma, Italy, Philippines,
    Poland, Slovenia, and Taiwan; Determinations*, 89 Fed. Reg. 55,657 (July 5,
    2024) ...................................................................................................................... 1

*Mattresses From Bosnia, Bulgaria, Burma, Italy, Philippines, Poland, Slovenia,
    and Taiwan*, Inv. Nos. 731-TA-1629-1631, 1633, 1636-1638, and 1640
    (Final), USITC Pub. 5520 (June 2024) ("*ITC Final Report*") ........................ 3, 6, 7

*Mattresses From Burma: Final Affirmative Determination of Sales at Less Than
    Fair Value and Final Affirmative Determination of Critical Circumstances*, 89
    Fed. Reg. 42,427 (May 15, 2024) ..................................................................... 1, 3

**INTRODUCTION**

Plaintiff Pay Less Here, LLC ("Plaintiff" or "Pay Less Here") respectfully opposes the International Trade Commission's ("the Commission") motion to dismiss this action.  Motion to Dismiss Case (Sept. 24, 2024), ECF No. 8 ("Commission Br.").  As set forth below, Pay Less Here fulfills the statutory requirements to bring an action before this Court pursuant to section 516A of the Tariff Act of 1930, as amended (the "Tariff Act").

Pay Less Here imported merchandise subject to an antidumping duty investigation during the relevant period; as such, it is an interested party within the meaning of 19 U.S.C. §§ 1677(9)(A) and 1516a(f)(3), and 28 U.S.C. § 2631(k)(1).  In the underlying proceeding before the Commission, Plaintiff filed questionnaire responses and submitted factual information that led to the factual findings and legal conclusions being challenged in this action.  As discussed in further detail below, this is sufficient to establish that Pay Less Here was a "party to the proceeding" and therefore has standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

**STATEMENT OF FACTS**

This action is an appeal of the final affirmative determination of critical circumstances by the International Trade Commission (the "Commission") under 19 U.S.C. § 1673d as implemented in the antidumping duty order on Mattresses from Burma (case nos. A-546-001; 701-TA-693; 731-TA-1631).  *See Mattresses From Bosnia and Herzegovina, Bulgaria, Burma, Italy, the Philippines, Poland, Slovenia, and Taiwan: Antidumping Duty Orders*, 89 Fed. Reg. 56,851 (July 11, 2024) (the "*Antidumping Order*"); *Mattresses From Bosnia and Herzegovina, Bulgaria, Burma, Italy, Philippines, Poland, Slovenia, and Taiwan; Determinations*, 89 Fed. Reg. 55,657 (July 5, 2024); *Mattresses From Burma: Final Affirmative Determination of Sales at Less Than Fair Value and Final Affirmative Determination of Critical Circumstances*, 89 Fed.

Reg. 42,427 (May 15, 2024).  This proceeding was initiated in July 2023, when Petitioners[1] filed

an antidumping petition with respect to imports of mattresses from Burma with the Commission

and the U.S. Department of Commerce ("Commerce" or "the Department").  Pay Less Here

thereafter filed importer questionnaire responses with the Commission and thereby submitted

factual information in the underlying administrative proceeding that led to the factual findings

and legal conclusions being challenged in this action.

      During the investigation, Petitioners alleged to both the Department and the Commission

that "critical circumstances" existed with respect to subject mattresses from Burma.  In response,

several parties argued that the record data did not meet the Commission's standard for an

affirmative finding of critical circumstances in that the post-petition imports from Burma were

not likely to significantly undermine the efficacy of the antidumping duty order.[2]  In so arguing,

the parties pointed out that (1) by the time the Department's preliminary determinations went

into effect imports from Burma had all but ceased, and (2) mattresses have a relatively short

---

[1] The Petitioners in this case include: Brooklyn Bedding LLC ("Brooklyn Bedding"); Carpenter Company ("Carpenter"); Corsicana Mattress Company ("Corsicana"); Future Foam, Inc. ("Future Foam"); FXI, Inc. ("FXI"); Kolcraft Enterprises Inc. ("Kolcraft"); Leggett & Platt Incorporated ("Leggett & Platt"); Serta Simmons Bedding, Inc. ("Serta Simmons"); Southerland Inc. ("Southerland"); and Tempur Sealy International, Inc. ("Tempur Sealy"), which are domestic producers of mattresses; the International Brotherhood of Teamsters; and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union AFL-CIO ("United Steel Workers"), which are unions representing workers at domestic mattress factories.

[2] *See e.g.*, Letter from Lakewood Candies LLC d/b/a Milliard Brands, Inv. Nos. 701-TA-693 and 731-TA-1629-1640 (Final), U.S. Importer's Post-Hearing Brief (May 16, 2024) (public version), attached as Exhibit 1 (arguing that that the Commission should make a negative critical circumstances determination for Burma); Letter from Easy Rest dba Global Home Imports LLC, Inv. Nos. 701-TA-693 & 731-TA-1629-1640 (Final). Pre-Hearing Brief (May 3, 2024) (public version), attached as Exhibit 2 (arguing that subject mattress imports from Burma do not undermine the antidumping order); Letter from Lakewood Candies LLC d/b/a Milliard Brands, Inv. Nos. 701-TA-693 and 731-TA-1629-1640 (Final), U.S. Importer's Pre-Hearing Brief (May 3, 2024) (public version), attached as Exhibit 3 (arguing that that the Commission should make a negative critical circumstances determination).

"shelf life" in inventory; consequently, the impact of post-petition imports on the eventual antidumping duty order would necessarily be minimal or non-existent.  Exhibit 1 at 3–4; Exhibit 3 at 11–12.

On May 15, 2024, Commerce determined that critical circumstances existed with respect to mattresses from Burma.  *Mattresses From Burma: Final Affirmative Determination of Sales at Less than Fair Value and Final Affirmative Determination of Critical Circumstances*, 89 Fed. Reg. 42,427.  In June, the Commission – applying its own (different) analytic standard – likewise made an affirmative finding as to critical circumstances, determining that imports from Burma were likely to undermine seriously the remedial effect of the antidumping order on mattresses from Burma.  *Mattresses From Bosnia, Bulgaria, Burma, Italy, Philippines, Poland, Slovenia, and Taiwan*, Inv. Nos. 731-TA-1629-1631, 1633, 1636-1638, and 1640 (Final), USITC Pub. 5520 (June 2024) ("*ITC Final Report*").  Notably, Commissioner David S. Johanson dissented and provided a detailed explanation of why the record supported the issuance of a <u>negative</u> critical circumstances finding for imports of mattresses from Burma.  *Id.* at 75–77.

On July 11, 2024, the Department issued the *Antidumping Order* retroactively applying the antidumping duty deposit requirement to shipments of subject merchandise imported on or after December 2, 2023, *i.e.*, 90 days prior to the Department's preliminary determination.  *See Mattresses From Bosnia and Herzegovina, Bulgaria, Burma, Italy, the Philippines, Poland, Slovenia, and Taiwan: Antidumping Duty Orders*, 89 Fed. Reg. 56,851, 56,852 (July 11, 2024).

Pay Less Here timely commenced this action under 19 U.S.C. § 1516a(a)(2)(A)(i)(II) and 28 U.S.C. § 2636(c) by filing a summons on August 12, 2024, and a complaint on September 11,

2024, challenging the Commission's final affirmative critical circumstances with respect to mattresses from Burma.  Summons, ECF No. 1; Pl.'s Compl., ECF No. 6.

## ARGUMENT

### I.    STANDARD OF REVIEW

While the plaintiff bears the burden of establishing subject-matter jurisdiction*, Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011), this Court assumes the facts alleged in the complaint relevant to the jurisdictional inquiry to be true.  *Pixton v. B & B Plastics, In*c., 291 F.3d 1324, 1326 (Fed. Cir. 2002).  This Court need only find that a "preponderance of the evidence" supports a finding of jurisdiction, *Canadian Wheat Bd. v. United States*, 580 F. Supp. 2d 1350, 1356 (Ct. Int'l Trade 2008), *judgment aff'd*, 641 F. 3d 1344 (Fed. Cir. 2011), and must also draw all reasonable inferences in the plaintiff's favor, *Anaheim Gardens v. United States*, 444 F.3d 1309, 1314-15(Fed. Cir. 2006).  Moreover, this Court must "limit its inquiry to the jurisdictional question, and avoid examining the merits of a case." *Duferco Steel, Inc. v. United States*, 403 F. Supp. 2d 1281, 1284 (Ct. Int'l Trade 2005).

### II.    PLAINTIFF HAS STANDING BEFORE THIS COURT

#### A.    Pay Less Here Has Standing Under the Tariff Act of 1930

There are two requirements for standing in a civil action before this Court pursuant to section 516A of the Tariff Act of 1930, as amended (the "Tariff Act").  *See* 28 U.S.C. § 2631(j)(1)(B).  First, the entity in question must be an "interested party."  *Id.*  Second, the interested party must have been "a party to the proceeding in connection with which the matter arose."  *See* 28 U.S.C. § 2631(j)(1)(B).  Pay Less Here fulfills both of these requirements.

##### 1.    Pay Less Here is an Interested Party

The Tariff Act defines an "interested party" as "a foreign manufacturer, producer, or exporter, or the United States importer, of subject merchandise."  19 U.S.C. § 1677(9)(A).

Plaintiff Pay Less Here was a U.S. importer of mattresses from Burma during the relevant period (*i.e.*, the period of investigation) and thus qualifies as an interested party to this proceeding. *See id.* The Commission does not dispute this. Commission Br. 5 ("Pay Less, a U.S. Importer of mattresses from Burma" satisfies the first requirement to establish standing because it is an interested party.).

2.    *Pay Less Here was a Party to the Proceeding*

The Tariff Act also requires that the interested party was "a party to the proceeding in connection with which the matter arose." *See* 28 U.S.C. § 2631(j)(1)(B). The term "party to the proceeding" is not defined in the statute. *See id.* However, the Court of Appeals has defined the term "party to the proceeding" as a party which (1) "reasonably conveyed {its} separate status" and (2) put the agency "on notice" of the party's concerns. *See, e.g.*, *RHI Refractories Liaoning Co., Ltd. v. United States*, 35 C.I.T. 130, 132 (2011) (internal citations omitted); *Laclede Steel Co. v. United States*, 92 F.3d 1206, 1996 WL 384010, at *3 (Fed. Cir. 1996). The level of participation required to fulfill this standing requirement "need not be extensive." *RHI Refractories Liaoning*, 35 C.I.T., at 132 (citing *Laclede Steel*, 1996 WL 384010, at *2).

With respect to the first prong, Pay Less Here has reasonably conveyed itself as a separate entity which imports mattresses from Burma into the United States through the submission of its questionnaire responses. The Commission does not argue to the contrary.

As to the second prong, Pay Less Here's questionnaire responses have also adequately put the Commission "on notice" to Plaintiff's concerns. By submitting a questionnaire response as a U.S. importer of Burmese mattresses, Pay Less Here implicitly indicated its interests for reduced duty rates for the subject merchandise that it itself imported. *See Laclede Steel Co. v. United States*, 1996 WL 384010, at *3 ("{By providing export data}, the {foreign manufacturers} corresponded with Commerce requesting exclusion as mandatory respondents,

5

thereby implicitly indicating their willingness to accept an "all others" rate.  Thus, Commerce
was made aware of intervenors' interests in the investigation.").  Moreover, it is also crucial to
note that the issue before this Court, *i.e.*, whether the Commission's affirmative critical
circumstances with respect to Burma is supported by substantial evidence, was fully briefed
before the Commission and specifically addressed in the Commission's Final Report.  *ITC Final
Report*, at 63–66, 68–71, 75–77; Exhibits 1–3.

　　　　To reiterate, the statutory requirement at issue here is a "low bar."  *See, e.g., Gov't of
Canada v. United States*, 686 F. Supp. 3d, at 1335.  By way of example, in *Laclede Steel Co. v.
United States*, a U.S. manufacturer sought to dismiss the claims of two foreign manufacturers
because they "never actively participated in the Commerce investigation" and were therefore not
a "party to the proceeding."  1996 WL 384010, at *1 (Fed. Cir. 1996).  In this case, the Court of
Appeals held that the foreign manufacturers had standing in the antidumping proceeding.  *Id.* at
*2.  The Court of Appeal's analysis was not focused on the notices of appearance filed by the
foreign manufactures but rather on the fact that "they also submitted factual data on exports to
assist Commerce in the selection of mandatory respondents" which "made {Commerce} aware
of intervenors' interests in the investigation."  *Id.*

　　　　Similar to the foreign manufacturers in *Laclede* that submitted "factual data on exports to
assist Commerce in the selection of mandatory respondent," Pay Less Here submitted factual
data in its questionnaire responses which assisted the Commission in making its determination.
By virtue of these data the Commission was aware that Pay Less Here imported subject
merchandise from Burma into the United States and thus understood the nature of Pay Less
Here's interests in the investigation.  Indeed, there have been numerous cases in which this Court
has held that the submission of factual data, even if limited in nature, was sufficient to confer

standing.  *See Laclede Steel Co. v. United States*, 1996 WL 384010, at *3 (holding that a party who submitted export data for mandatory respondent selection has standing); *Gov't of Canada v. United States*, 686 F. Supp. 3d 1320, 1327 (U.S. Ct. Int'l Trade 2024) (finding parties who filed a request for administrative review without filing an administrative case brief met the statutory requirements to intervene in action for judicial review in antidumping duty proceeding); *Hor Liang Indus. Group v. United States*, 337 F. Supp. 3d 1310, 1319–1320 (confirming plaintiff has standing when its sole submission was ministerial error comments that Commerce removed from the record); *Kokusai Elec. Co. v. United States*, 9 C.I.T. 336, 339, 613 F. Supp. 1249, 1252 (1985) (confirming standing for a party that participated in public hearing but did not participate for the rest of the proceeding).  In short, there is no doubt that Pay Less Here participated in the underlying proceeding.

There is also no doubt the Commission was "on notice" of Pay Less Here's specific arguments.  Multiple parties raised arguments in both pre- and post-hearing briefs as to why the Commission should not make a critical circumstance finding with respect to Burma.  *See* Exhibits 1–3.  Furthermore, the Commission's Final Report, including Commissioner Johanson's dissent, discuss in detail the reasoning behind both sides of this issue.  *ITC Final Report*, at 63–66, 68–71, 75–77.  Pay Less Here thus is not raising any issues that were not fully briefed before the Commission and subsequently addressed in the Commission's Final Report.

### B.    Neither the Statute nor Case Law Required Pay Less Here to Submit a Notice of Appearance

As discussed above, the Commission does not (and cannot) argue that Pay Less Here is not an interested party, and it does not (and cannot) argue that Pay Less Here did not meaningfully participate in the underlying proceeding via the submission of import and other data.  Rather, the Commission argues that despite the company's status as an interested party and

despite its substantive participation, Pay Less Here was not a party to the proceeding because it did not "file an entry of appearance to participate in the Commission's investigations, as required by Commission Rule 201.11." In support, the Commission cites to its regulations, which state:

> *Who may appear as a party*. Any person may apply to appear in an investigation as a party, either in person or by a representative, by filing an entry of appearance with the Secretary. Each entry of appearance shall state briefly the nature of the person's reason for participating in the investigation and state the person's intent to file briefs with the Commission regarding the subject matter of the investigation. The Secretary shall promptly determine whether the person submitting the entry of appearance has a proper reason for participating in the investigation.

19 C.F.R. § 201.11.

As a threshold matter, nothing in the language of the cited regulation suggests that not filing an entry of appearance forecloses an entity's status as a "party" irrespective of its level of participation. But inasmuch as the Commission interprets this provision to exclude as a "party" anyone who does not file an entry of appearance, the Court should reject that position because it contravenes both the language of the statute and the applicable case law. In that regard, Pay Less Here has been unable to find a single opinion issued by this Court or the Court of Appeals holding that a notice of appearance is required in order to be a "party to the proceeding." Nothing in this Court's standing statute suggests that a notice of appearance is a requirement. *See* 28 U.S.C. § 2631(j)(1)(B). Moreover, this Court has consistently held that a notice of appearance does *not* in and of itself confer "party status." *See Legacy Classic Furniture, Inc. v. United States*, 35 C.I.T. 420, 421–22 (2011) (finding that a notice of appearance and administrative protective order application alone were insufficient to afford an interested party standing); *Encon Indus. Inc. v. United States,* 18 C.I.T. 867, 868 (1994) ("Encon filed a notice of appearance in the antidumping investigation at issue, but never submitted factual information to Commerce or made oral or written comments during the proceedings."). *See also RHI*

*Refractories Liaoning*, 752 F. Supp. 2d at 1379.  In these decisions, the Court has consistently held that it is substantive participation rather than procedural niceties that confers "party" status. So, the Commission's statement that an entry of appearance "distinguishes a participating interested party who has "reasonably conveyed their separate status and provided {the Commission} with notice of their concerns" cuts squarely against these cases.  Commission Br. 9.

While these cases all dealt with proceedings before the Department of Commerce, notices of appearance before Commerce and the Commission are essentially identical – they are a single sheet of paper that contain a party's name, that party's counsel, the basis for "interested party" status (*e.g.*, being a producer or importer of the subject merchandise), and the pertinent investigation number.  Nothing included in a notice of appearance suggests why a party is appearing in a proceeding or what that party's concerns or interests are, despite the language of the Commission's rule suggesting to the contrary.  As this Court has rightly held, such a single *pro forma* sheet of paper cannot be the basis upon which to conclude whether or not Pay Less Here was a "party to the proceeding."

To the extent that the Commission's argument implies that notices of appearance before the Commission are inherently different than those before Commerce, or that the Commission requires more detail in the notices of appearance it accepts, that suggestion is baseless and the Court should reject it.  While the Commission's regulation states that "{e}ach entry of appearance shall state briefly the nature of the person's reason for participating in the investigation and state the person's intent to file briefs," even a cursory review of any docket of a proceeding before the Commission confirms that that majority of parties do not include this

9

information but nonetheless are accepted as parties to the proceeding.  *See, e.g.,* Easy Rest dba

Global Home Imports LLC Letter, Entry of Appearance, (Apr. 11, 2024), attached as Exhibit 4.

Throughout its brief the Commission relies on *Government of Canada v. United States*,

686 F. Supp. 3d 1320, 1327 (2024) to support its position.  Commission Br. 5–9.  But in fact,

that case cuts squarely against the Commission's arguments.  In *Government of Canada*, the

Department of Commerce argued that a "group of foreign exporters and producers, and domestic

importers" ("Plaintiff-Intervenors") lacked standing "as parties to the proceeding" to intervene as

a matter of right under 28 U.S.C. § 2631(j)(1)(B).  *Id.* at 1326–27.  The Department's position

mirrored the argument the Commission raises here, namely that an entity was not a "party to the

proceeding" because it did not satisfy the definition of "party to the proceeding" found in the

Department's regulations.  *Id.* at 1330–31.  This Court rejected that argument, explaining that

"{this Court} is not compelled to use the definition of 'party to the proceeding' appearing in

Commerce's regulation … {because} Commerce's regulations do not control this Court's

construction of a statute administered by the Court itself."  *Id.* at 1331.  So too here – even

accepting *arguendo* that the Commission's regulation limits "party to the proceeding" to a party

that has filed an entry of appearance (which as noted above is at best unclear), that regulation

does not control the Court's construction of the standing statute.  Thus, "28 U.S.C.

§ 2631(j)(1)(B) is {this} Court's standing statute, which should be properly administered by the

Court itself, and is not an area requiring the agency's technical expertise."  686 F. Supp. at 1327,

1334.  Under the "low bar" for conveying separate status and providing notice of concerns, it

was enough that in their request for administrative review, the Plaintiff-Intervenors provided

Commerce with "statements of fact with the names of the requesting entities, whether the entities

produced, exported, remanufactured, and/or were importers of record of subject merchandise to

the United States within the period of review, and the nature of the relationships between the

requesting entities (*e.g.*, whether one entity was the exporter for another entity)."  *Id.* at 1327–28.

To require anything more would conflict with Congress's "intent to permit 'greater access to

{this Court}'" under section 516A; would be an "'unconstitutional usurpation of Congress'

authority to define the jurisdiction of Article III courts'"; and would contradict U.S. Court of

International Trade Rule 1, which promotes speedy and inexpensive determinations.  *Id.* at 1332–

34.

　　　　The Commission's reliance on *Government of Canada* thus is misplaced, and in fact the

case supports Plaintiff's claim for standing for three reasons: first, as was true in *Government of*

*Canada*, Plaintiff has submitted factual information to the Commission in the form of its

questionnaire responses.  *See* Pl.'s Compl. ¶2 (Sep. 11, 2024), ECF No. 6; *Gov't of Canada*, 686

F. Supp. 3d, at 1328.  Second, Plaintiff is already "limited to 'me too' type arguments" filed by

fellow importers from Burma and which would "not place additional burdens on the Court due to

the overlap in issues."  *Id.* at 1324. And third, Plaintiff is a member of precisely the class of

litigants to whom Congress intended to expand access in antidumping proceedings – "U.S.

importers and foreign producers/exporters, whose legal and economic interests are different than

those of domestic producers."  *Id.* at 1331.

　　　　In sum, in *Government of Canada* this Court applied the general standard for 'party to a

proceeding' as discussed in Section A above notwithstanding the agency's regulation – the Court

should do so here as well.  As a U.S. importer who submitted factual information and whose

arguments are limited to those already noticed to the Commission, Pay Less Here meets the

"party to the proceeding" standing requirements of this Court.

Further, the Commission's argument that Pay Less Here's position "would lead to the untoward result of allowing any of the 170 firms that did not file an entry of appearance to qualify as parties to the proceeding when they otherwise failed to participate" lacks merit. Commission Br. 8. This assertion perfectly illustrates the basic flaw in the Commission's logic, in that it suggests that firms that have actively responded to the Commission's inquiries and questionnaires and thereby provided the very data on which the Commission's ultimate determinations must be based have somehow "failed to participate." That is a bizarre result that finds no purchase in either the statute or case law. That aside, the issues in this case are no different than they would be had another party that disputed the Commission's finding on critical circumstances with respect to Burma brought a complaint. The doctrine of administrative exhaustion therefore protects the Commission from being inundated by unforeseen and heretofore unidentified arguments. Here, the record amply demonstrates that the issues Pay Less Here brings were fully briefed before and considered by the Commission.

Finally, to the extent that the Commission's motion suggests that Pay Less Here is not only required to submit an entry of appearance, but also a case brief or other legal argument in order to be considered a "party to the proceeding," such arguments also fail. First, even the Commission's regulations do not require this level of participation. Second, as this Court rightly found in *Government of Canada*, such a high burden would be inconsistent with the statute. *Gov't of Canada*, 686 F. Supp. 3d, at 1330–31 (finding that the Department's regulations conflict with the Tariff Act by requiring the filing of case briefs to establish standing).

## **CONCLUSION**

For the reasons set forth above, the Government's Motion to Dismiss Plaintiff's Complaint should be denied.

Respectfully submitted,

/s/ *Weronika Bukowski*

Alexander H. Schaefer
Weronika Bukowski

Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 624-2773
aschaefer@crowell.com

Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 530-1930
wbukowski@crowell.com

*Counsel for Pay Less Here LLC*

Dated:  November 12, 2024

## **CERTIFICATE OF COMPLIANCE**

Pursuant to U.S. Court of International Trade Rule 2(b) of the Court's Standard

Chambers Procedures, undersigned counsel for Plaintiff certifies this brief contains 3,857 words.

This brief also complies with all typeface and margin requirements.

Respectfully submitted,

/s/ *Weronika Bukowski*
Weronika Bukowski

*Counsel to Plaintiff*

**UNITED STATES COURT OF INTERNATIONAL TRADE**
BEFORE: THE HONORABLE TIMOTHY M. REIF

| | |
|---|---|
| Pay Less Here, LLC, | |
| *Plaintiff,* | |
| v. | Court No. 24-00152 |
| United States, | |
| *Defendant,* | |
| and | |
| BROOKLYN BEDDING LLC; CARPENTER CO.; CORSICANA MATTRESS COMPANY; FUTURE FOAM, INC.; FXI, INC.; KOLCRAFT ENTERPRISES, INC.; LEGGETT & PLATT, INCORPORATED; SERTA SIMMONS BEDDING, LLC; SOUTHERLAND, INC.; TEMPUR SEALY INTERNATIONAL; THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS; AND THE UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, | |
| *Defendant-Intervenors.* | |

**PROPOSED ORDER**

Upon consideration of Government's Motion to Dismiss (Sept. 24 2024), ECF No. 9,

Plaintiff Pay Less Here, LLC's response to the Government's Motion to Dismiss, and all other

papers and proceedings in this action, it is hereby

ORDERED that the government's motion is denied.


Dated: _____, 2024
New York, New York                                        _____
                                                          TIMOTHY M. REIF, JUDGE