NONCONFIDENTIAL

## UNITED STATES COURT OF INTERNATIONAL TRADE
### BEFORE: THE HONORABLE TIMOTHY M. REIF

|  |  |  |
|---|---|---|
| PAY LESS HERE, LLC, | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | |
|  | ) | |
| UNITED STATES, | ) | |
|  | ) | |
| Defendant, | ) | |
|  | ) | |
| and | ) | |
|  | ) | |
| BROOKLYN BEDDING LLC; CARPENTER CO.; CORSICANA MATTRESS COMPANY; FUTURE FOAM, INC.; FXI, INC.; KOLCRAFT ENTERPRISES, INC.; LEGGETT & PLATT, INCORPORATED; SERTA SIMMONS BEDDING, LLC; SOUTHERLAND, INC.; TEMPUR SEALY INTERNATIONAL; THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS; AND THE UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, | ) | Ct. No. 24-00152 |
|  | ) | |
| Defendant-Intervenors. | ) | |

### DEFENDANT'S REPLY IN SUPPORT
### OF ITS MOTION TO DISMISS THE COMPLAINT

Pursuant to Rule 7(d) of the Rules of the Court of International Trade, the U.S. International Trade Commission ("Commission") respectfully replies to the response filed by Pay Less Here, LLC ("Pay Less") opposing its motion to dismiss the complaint for lack of subject matter jurisdiction. As set forth in the Commission's motion to dismiss, Pay Less lacks standing to commence this action because it was not a party to the underlying investigation of

mattresses from Burma. Mot. to Dismiss (ECF 9); 19 U.S.C. § 1516a(d); 28 U.S.C. § 2631(c). Specifically, Pay Less failed to file an entry of appearance in order to appear as a party in the underlying investigation as required by the Commission's regulation. In fact, Pay Less did not even participate by filing briefs, presenting testimony, or otherwise providing any arguments with respect to the Commission's investigation. 19 C.F.R. § 201.11(a). In other words, Pay Less did not provide the requisite "notice of {its} concerns" to the Commission. *Govt. of Canada v. United States*, 686 F. Supp. 3d 1320, 1327 (Ct. Int'l Trade 2024) (quoting *Specialty Merch. Corp. v. United States*, 31 CIT 364, 365, 477 F. Supp. 2d 1359, 1361 (2007)); *see also Encon Indus., Inc. v. United States*, 18 CIT 867, 867-69 (1994).

Pay Less provides no cogent basis for its contrary position. Rather, Pay Less relies upon case law addressing the different and unrelated requirements for participation in a U.S. Department of Commerce ("Commerce") investigation to argue that its filing of a questionnaire response alone was sufficient. None of the cases, however, support Pay Less's claims of standing. Moreover, the nature of Commission and Commerce investigations are vastly different, and "notice of a party's concerns" will necessarily be different for each agency. With respect to the Commission's investigations, an entry of appearance is vital in notifying the Commission of a firm's participation as a party in its proceedings. Pay Less's arguments fail to demonstrate otherwise.

**ARGUMENT**

**I.      The Commission's Regulation Explicitly Requires a Party to File an Entry of Appearance to Participate in Its Investigations**

As detailed in the Commission's motion to dismiss, the statute provides that only an "interested party who was a party to the proceeding in connection with which the matter arose" can commence an action challenging the Commission's determinations. Mot. to Dismiss at 4; 28

U.S.C. § 2631(c); *see also* 19 U.S.C. § 1516a(a)(2)(A).  While as a U.S. importer of subject merchandise from Burma, Pay Less qualifies as an "interested party," it nevertheless lacks standing to commence this action because it was not a "party to the proceeding" in connection with the Commission's underlying investigation.  Specifically, it did not file an entry of appearance as required by the Commission's longstanding regulation addressing who may appear as a party in a Commission investigation.  19 C.F.R. § 201.11.[1]

Notably, Pay Less does not contest that it did not file an entry of appearance in the underlying investigation of mattresses from Burma.  Pay Less, however, claims that "nothing in the language of the cited regulation suggests that not filing forecloses an entity's status as a 'party' irrespective of its level of participation."  Pay Less Response at 7-8 (ECF 19).  Pay Less's argument, however, misses the point that the statute not only requires that a plaintiff be an "interested party," but must also be a "party to the proceeding."  28 U.S.C. § 2631(c); 19 U.S.C. § 1516a(a)(2)(A).  The Commission's regulation at issue addresses the second statutory

---

[1] That regulation is titled "Appearance in an investigation as a party" and states:

> (a) *Who may appear as a party*. Any person may apply to appear in an investigation as a party, either in person or by a representative, by filing an entry of appearance with the Secretary.  Each entry of appearance shall state briefly the nature of the person's reason for participating in the investigation and state the person's intent to file briefs with the Commission regarding the subject matter of the investigation.  The Secretary shall promptly determine whether the person submitting the entry of appearance has a proper reason for participating in the investigation.

19 C.F.R. § 201.11(a) (emphasis added).

requirement, that a plaintiff must be a "party to the proceeding," and plainly states that to appear in an investigation as a party, one must file an entry of appearance.[2]

Counsel for Pay Less, Crowell & Moring, LLP ("Crowell"), an experienced firm well-versed in trade law, is aware of the Commission's regulation and has consistently complied with the requirement to appear in numerous prior investigations. A cursory search of the Commission's electronic docket information system indicates that Crowell has filed dozens of entries of appearance in Commission investigations and reviews in the past two decades. It is therefore surprising that Crowell now claims for purposes of this action that an entry of appearance is not an essential requirement to appear, but rather is a nonconsequential "single *pro forma* sheet of paper." Pay Less Response at 9. Crowell overlooks that an entry of appearance is a mandatory step to appear and participate in a Commission investigation. Indeed, only those that are parties to the proceeding (*i.e.*, file an entry of appearance) are allowed to access business proprietary information under the administrative protective order (19 C.F.R. § 207.7), fully brief the issues by filing preliminary phase briefs, prehearing and posthearing briefs, and final comments (19 C.F.R. §§ 201.13(i), 207.15, 207.23, 207.25, 207.30), and participate fully at the Commission hearing (19 C.F.R. §§ 201.13(c), 207.24).

## II.     The Commission's Regulation Is Lawful and Consistent with the Statute

In Pay Less's erroneous view, the Commission's regulation contravenes the statute's language to the extent that the failure to file an entry of appearance forecloses a firm's status as a "party to the proceeding." Pay Less Response at 8. Pay Less claims that an interested party's

---

[2] The Commission's requirement of an entry of appearance to appear in an investigation as a party is not unusual. Courts also require attorneys to file a notice of appearance for each action in which they intend to participate on behalf of a party. *See, e.g.*, Ct. Int'l Trade Rule 75(b)(2).

filing of a questionnaire response alone can provide sufficient basis for its participation in the Commission's proceedings.  *See id.* at 5-7.

As this Court has previously explained, however, an agency's regulation defining how an interested party will be deemed to participate in that agency's investigation will be considered lawful and consistent with the statutory provision on standing if the regulation requires a form of participation that "reasonably convey{s} the separate status of a party, . . . and provide{s} {the agency} with notice of a party's concerns."  *Govt. of Canada*, 686 F. Supp. 3d at 1327; s*ee also Encon*, 18 CIT at 867-69.  For Commission investigations, a party must file an entry of appearance as the initial step in conveying notice of its concerns.  A questionnaire response alone does not suffice because during its administrative proceedings, the Commission issues questionnaires to all relevant market participants, including to firms that do not even qualify as interested parties (*e.g.*, U.S. importers of nonsubject merchandise and U.S. purchasers of subject merchandise).  Thus, the filing of an entry of appearance is vital in providing the requisite notification because it distinguishes those interested parties who decide to participate in its administrative proceedings by filing briefs, presenting testimony, and providing arguments from those other firms who respond to questionnaires but choose not to participate in the underlying proceedings.

Pay Less nevertheless claims that the 170 firms (including itself) that submitted a questionnaire response but not entries of appearance in the underlying investigations, would all qualify as "parties to the proceeding."  According to Pay Less, these firms "actively responded to the Commission's inquiries and questionnaires" and that a finding otherwise would be a "bizarre result."  Pay Less Response at 12.  Just the opposite –  the submission of only a questionnaire response cannot possibly provide notification to the Commission "of {a party's} concerns."

5

*Govt. of Canada*, 686 F. Supp. 3d at 1327.  As articulated above, the Commission collects questionnaire responses from all market participants, including firms that do not even qualify as interested parties.  The questionnaire responses contain data and factual information but no argument on the pertinent issues the Commission considers in making its material injury determination.[3]  *See*, *e.g.*, Pay Less U.S. Importer Questionnaire Response (EDIS Doc. No. 822821) (attached as Exhibit 1).  It would therefore be incongruous to conclude that all 170 firms that did not file entries of appearance, and presented no argument, in the underlying investigation could be considered parties to the proceedings who provided requisite notice of their concerns.

     Pay Less's additional argument that the Commission was "'on notice' of Pay Less Here's specific arguments" despite it not having filed an entry of appearance is not borne out by its questionnaire response.  Pay Less Response at 7; Pay Less U.S. Importer Questionnaire Response (Exhibit 1).  Nor is Pay Less's failure to participate cured by the fact that other parties may have made arguments similar to those Pay Less purportedly will raise on appeal.  To be sure, Pay Less never filed anything other than a questionnaire response in the underlying investigation.  It did not file an entry of appearance nor did it submit briefs or present testimony to the Commission.  Rather, Pay Less simply relies upon arguments raised in other parties' briefs filed at the Commission as a basis for such "notice."[4]  Pay Less Response at 6-7.  Pay Less, however, wrongly conflates the separate issues of exhaustion of administrative remedies, which recognizes exceptions to the requirement of raising arguments to the agency in the first instance,

---

[3] In contrast, Commerce collects questionnaire responses from producers/exporters upon which it relies to calculate their company-specific duty rates.

[4] Unlike Pay Less, those other interested parties that submitted briefs also filed entries of appearance with the Commission.  *See* Entries of Appearances (attached as Exhibit 2).  None of those other interested parties are challenging the Commission's determinations.

with the separate standing requirements, which must be strictly construed. In particular, unlike exhaustion of remedies, which permits a party to litigate an issue that it did not exhaust at the administrative level when that issue was raised before the agency by a different party, *see*, *e.g.*, *Zhaoqing Tifo New Fibre Co. v. United States*, 60 F. Supp. 3d 1328, 1351 (Ct. Int'l Trade 2015), there are no such allowances for standing. Pay Less therefore cannot point to other parties' briefs and arguments as a substitute for its failure to appear in the Commission's investigations.

### III. Pay Less's Reliance upon Case Law Addressing Commerce's Regulation Is Unavailing

Finally, Pay Less's reliance upon case law addressing Commerce's regulation to support its position is unavailing.[5] Pay Less Response at 6-7 (citing *Laclede Steel Co. v. United States*, 1996 WL 384010, at * 1 (Fed. Cir. 1996); *Govt. of Canada*, 686 F. Supp. 3d 1320; *Hor Liang Indus. Grp. v. United States*, 337 F. Supp. 3d 1310 (Ct. Int'l Trade 2018); *Kokusai Elec. Co. v. United States*, 613 F. Supp. 1249 (Ct. Int'l Trade1985)).

As the Commission explained in its motion to dismiss, reliance on cases discussing the specific rules for participation in a Commerce investigation are not controlling for purposes of addressing whether the separate express provisions contained in the Commission's regulations are met. *See* Mot. to Dismiss at 7-10. What is more, Pay Less overlooks that in all of its cited cases, the parties at issue actually had filed notices of appearance as the initial step in appearing

---

[5] Pay Less claims that it has "been unable to find a single opinion issued by this Court or the Court of Appeals holding that a notice of appearance is required to be a 'party to the proceeding.'" Pay Less Response at 8. In *Matsushita Electric Industrial Co. v. United States*, 2 CIT 254 (1981), however, this Court addressed the Commission's regulation, finding that the proposed unions seeking intervention – which, like standing, requires that interested parties be parties to the proceedings – did not satisfy the Commission rule defining a party to the proceeding as one who has entered an appearance. The Court held that this was "not a matter in which the statute can be adjusted to fashion an equitable remedy" and denied the parties' motion to intervene in all respects. *Id.* at 258.

7

as a party before Commerce, something Pay Less never did in the underlying investigation here. *See Laclede Steel*, 1996 WL 384010, at * 2 ("We are convinced that Union and Dongbu actively participated in the administrative proceeding. . . .  Not only did they file appearances in, and appear to be represented by counsel throughout, . . . they also submitted factual data. . . ."); *Govt. of Canada*, 686 F. Supp. 3d at 1324 (Proposed Plaintiff-Intervenors submitted requests for administrative reviews, entries of appearance, and applications for an administrative protective order.); *Hor Liang*, 337 F. Supp. 3d at 1315 ("Romp and Hor Liang filed notices of appearance and requests for an administrative protective order" as well as "ministerial error comments"); and *Kokusai*, 613 F. Supp. at 1250 (AT&T "first became involved in the administrative proceedings . . . by filing . . . a notice of appearance and request to become a party to the proceeding.").

In addition, while Pay Less contends that this Court has consistently held that a notice of appearance does not in and of itself confer "party status," Pay Less ignores that the cases upon which it relies did not specifically address the question of whether an entry of appearance is a required document, the relevant issue here.  Pay Less Response at 8-9 (citing *Legacy Classic Furniture, Inc. v. United States*, 35 CIT 420, 421-22 (2011); *Encon*, 18 CIT at 868; and *RHI Refractories Liaoning Co., Ltd. v. United States*, 35 CIT 130, 132 (2011)).  Rather, in *Legacy Classic*, *Encon*, and *RHI Refractories*, where the proposed parties had filed notices of appearance, the Court considered and found that under Commerce's regulation, party participation required something *more* than the filing of initial procedural documents.  *See Legacy*, 35 CIT at 421 (AFMC's notice of appearance and APO application was not sufficient to be considered "party to a proceeding" under Commerce's regulation); *Encon*, 18 CIT at 868 (expressing its inclination to view the participation requirement as intending meaningful

8

participation, that is, action which required more than a notice of appearance); and *RHI Refractories*, 35 CIT at 132 (the filing of a combined notice of appearance and request for access to business proprietary information constituted procedural document insufficient to afford standing under Commerce's regulation).

To the extent that the cited cases focused on submission of information in addition to the entry of appearance in determining "party to the proceeding" status, they were analyzing this issue under Commerce's regulation, which requires active participation by a party.  Specifically, Commerce defines "party to the proceeding" as "any interested party that actively participates, through written submissions of factual information or written argument, in a segment of a proceeding," 19 C.F.R. § 351.102(b)(36).  On the other hand, the Commission's regulation does not contain language requiring active participation, but rather directs that an interested party file an entry of appearance, which would differentiate that party from those other firms who respond to the Commission's questionnaire responses but do not choose to participate, and signal its intent to file briefs with the Commission regarding the subject matter of the investigation.  19 C.F.R. § 201.11.  It is upon these differences – in addition to the Court's concerns about Commerce seeking to depart from "decades of Commerce practice regard{ing} intervention as a matter of right for non-selected respondents" – that the Commission distinguished this Court's recently-issued decision in *Govt. of Canada*, 636 F. Supp. 3d at 1329 – in its motion to dismiss Pay Less's complaint.  *See* Mot. to Dismiss at 8-10.

In sum, neither the explicit language of the Commission's regulations nor any case law supports Pay Less's position that the filing of a questionnaire response alone, without the submission of an entry of appearance, is sufficient to establish party participation in a Commission investigation.  Because Pay Less plainly failed to comply with the Commission's

9

lawful regulation to appear as a party, it cannot establish standing to commence this action challenging the Commission's affirmative critical circumstances determination on mattresses from Burma.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court dismiss Pay Less's complaint with prejudice for lack of subject matter jurisdiction.

Respectfully submitted,

*/s/Dominic Bianchi*
DOMINIC BIANCHI
General Counsel

*/s/Andrea C. Casson*
ANDREA C. CASSON
Assistant General Counsel for Litigation


*/s/Jane C. Dempsey*
JANE C. DEMPSEY
Office of the General Counsel
U.S. International Trade Commission
500 E Street, S.W.
Washington, D.C. 20436
202-205-3142 (phone)
202-205-3111 (facsimile)

December 3, 2024

## CERTIFICATE OF COMPLIANCE

Pursuant to Chambers Procedures 2(B)(1) and (2), I hereby certify that the attached **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT** contains 2,734 words, according to the word-count function of the word processing system used to prepare this motion and memorandum (Microsoft Office 365 ProPlus).

Date:  December 3, 2024

/s/Jane Dempsey
Jane Dempsey
Attorney-Advisor
Office of the General Counsel
U.S. International Trade Commission
500 E Street, SW
Washington, DC 20436
Telephone: (202) 205-3142